[Cite as *State v. Jones*, 2012-Ohio-2798.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee              :        C.A. CASE NO. 24800

vs.                                    :        T.C. CASE NO. 10CR3370/2

FLOYD W. JONES                         :        (Criminal Appeal from
                                    Common Pleas Court)

    Defendant-Appellant            :

. . . . . . . . .

# O P I N I O N

Rendered on the 22nd day of June, 2012.

. . . . . . . . .

Mathias H. Heck, Jr., Pros. Attorney; Johnna M. Shia, Asst. Pros. Attorney, Atty. Reg. No. 0067685, P.O. Box 972, Dayton, OH 45422     Attorneys for Plaintiff-Appellee

Jason E. Treherne, Atty. Reg. No. 0074141, 212 W. National Road, P.O. Box 175, Englewood, OH 45322
        Attorney for Defendant-Appellant

. . . . . . . . .

**GRADY, P.J.:**

{¶ 1}  Defendant Floyd Jones appeals from his conviction for aggravated burglary in violation of R.C. 2911.11(A)(2), a felony of the first degree, and an attached three-year firearm specification.

{¶ 2}  In February 2011, Defendant was indicted on one count of aggravated burglary and one count of aggravated robbery, each with an attached firearm specification.  Pursuant to a plea agreement, Defendant pled guilty to the aggravated burglary charge and its specification and the State dismissed the aggravated robbery charge and its specification. The parties agreed to a six-year sentence, and the State also agreed to remain silent on any future application for judicial release that Defendant might file.

{¶ 3}  One month later, Defendant filed a motion to withdraw his guilty plea. Following a hearing, the trial court overruled the motion.  The trial court imposed the agreed-upon sentence of three years in prison for the aggravated burglary conviction, to be served after the completion of a mandatory three-year sentence for the firearm specification, for an aggregate sentence of six years.

{¶ 4}  Defendant appeals from his conviction and sentence, raising four assignments of error.  For ease of discussion, his first, second, and fourth assignments of error will be addressed together.

{¶ 5}  *First Assignment of Error:*

"FLOYD JONES' PLEA IS VOID BECAUSE HIS PLEA AGREEMENT WAS BASED ON THE UNDERSTANDING THAT HE WOULD BE ELIGIBLE FOR JUDICIAL RELEASE

WHEN, IN FACT, HE WAS NOT ELIGIBLE FOR JUDICIAL RELEASE UNDER THE APPLICABLE STATUTE."

**{¶ 6}** *Second Assignment of Error:*

"THE TRIAL COURT'S DECISION TO OVERRULE MR. JONES' MOTION TO VACATE PLEA WAS BASED ON NON-RELEVANT CASE LAW."

**{¶ 7}** *Fourth Assignment of Error:*

"IMPACT OF HOUSE BILL 86 AMENDMENTS TO JUDICIAL RELEASE STATUTE."

**{¶ 8}** Defendant claims that his negotiated plea was less than knowing, intelligent, and voluntary. He does not dispute that the trial court complied with the requirements of Crim.R. 11 during the plea colloquy. Instead, Defendant argues that his plea was invalid because trial counsel erroneously advised him that he could apply for judicial release after serving three and one-half years in prison.

**{¶ 9}** Defendant argues that R.C. 2929.20(C)(3), as it existed at the time of his plea and sentencing, precluded him from being eligible to apply for judicial release until after his full six-year sentences had been served. Relying instead on R.C. 2929.20(C)(2), as it existed at the time of Defendant's plea and sentencing, the trial court agreed with trial counsel's testimony at the hearing on Defendant's motion to withdraw his plea that Defendant could have applied for judicial release after three and one-half years. Defendant also contends that the trial court abused its discretion in denying his motion to withdraw his plea because the court should have applied the former version of R.C. 2929.20(C)(3), rather than the former version R.C. 2929.20(C)(2).

**{¶ 10}** The month after Defendant was sentenced, Am.Sub.H.B. 86's amendments to

R.C. 2929.20 became effective. The revised version of R.C. 2929.20 applies to Defendant because he is an "eligible offender," which is defined as a "person who, on or after April 7, 2009, is serving a stated prison term that includes one or more nonmandatory prison terms." R.C. 2929.20(A)(1)(a).

{¶ 11} As applicable to Defendant, R.C. 2929.20(C)(2) now states that when a defendant's nonmandatory prison term is at least two years but less than five years, he may file a motion for judicial release no earlier than 180 days after the expiration of any mandatory prison terms. Thus, 180 days after Defendant finishes serving his mandatory three-year sentence for the firearm specification, he may file a motion for judicial release.

{¶ 12} Defendant concedes that he is now eligible to apply for judicial release after three and one-half years, as counsel informed him at the time of his plea. Defendant argues that his plea was nevertheless not knowing, intelligent, and voluntary at the time that it was entered because the former version of R.C. 2929.20(C)(2), which was in effect when he entered his plea, would have required him to serve six years. Had the relevant statutory provision not been amended, we would agree that counsel's misadvice was an infirmity that created such a result. However, because Defendant is, in fact, now eligible to apply for judicial release after serving three and one-half years of his six-year sentence, as promised, the alleged infirmity upon which Defendant relies has been dissipated by the Am.Sub.H.B. 86 amendments to R.C. 2929.20.

{¶ 13} Defendant's first, second, and fourth assignments of error are overruled.

{¶ 14} *Third Assignment of Error:*

"FLOYD JONES WAS PREJUDICED BY THE INEFFECTIVE ASSISTANCE OF COUNSEL."

{¶ 15} In his third assignment of error, Defendant maintains that he was denied the effective assistance of trial counsel due to counsel's misadvice concerning when Defendant would become eligible for judicial release. We disagree.

{¶ 16} Counsel's performance will not be deemed ineffective unless that performance is proven to have fallen below an objective standard of reasonable representation and, in addition, prejudice to the defendant arises from counsel's performance. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In determining whether counsel's performance has fallen below an objective standard of reasonable representation, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To show that a defendant has been prejudiced by counsel's deficient performance, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

{¶ 17} With regard to Defendant's first, second, and fourth assignments of error, we found that under the current version of R.C. 2929.20, Defendant is, in fact, eligible to apply for judicial release after serving three and one-half years of his sentence, which is precisely what counsel advised Defendant at the time of his plea. Thus, Defendant can demonstrate no prejudice resulting from trial counsel's representation.

{¶ 18} Defendant's third assignment of error is overruled. The judgment of the trial

court will be affirmed.

DONOVAN, J., And HALL, J., concur.

**Copies mailed to:**

**Johnna M. Shia, Esq.**
**Jason E. Treherne, Esq.**
**Hon. Mary Katherine Huffman**